IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**MICHAEL C. DEBARR,**

    **Plaintiff,**

v.                                                     CIVIL ACTION NO. 1:05-CV-112
                                                        (Judge Keeley)

**WORLDWIDE DEDICATED SERVICES, INC., and
PETE POULOS**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

In this action, Defendant Pete Poulos ("Poulos") has filed a Rule 12(b)(2) motion to dismiss the claims against him for lack of personal jurisdiction. For reasons that follow, the Court **GRANTS** the motion.

West Virginia resident Michael Debarr ("Debarr") filed suit against Worldwide Dedicated Services, Inc. ("Worldwide"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Poulos in this court on July, 28, 2005.[1] Debarr's claims against Poulos arise out of a traffic accident that occurred on August 8, 2003 in the Commonwealth of Virginia. Debarr's complaint alleges that Poulos, a commercial truck driver and North Carolina resident, drove his

---

[1] This Court granted a Rule 12(b)(6) motion to dismiss filed by Liberty Mutual on April 24, 2006. Debarr's claims against Worldwide are still extant, but are not relevant to deciding the motion now before the Court.

truck negligently and/or maliciously so as to cause Debarr to run his car off the road and strike a guardrail. After receiving service on May 25, 2006, Poulos filed his motion pursuant to Fed. R. Civ. Pro. 12(b)(2) on June 13.

When a defendant files a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff generally bears the burden of showing that jurisdictions exists. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). However, when a court makes a Rule 12(b)(2) determination without a hearing and based only on the written record (as the Court has done here), the plaintiff need only put forth a *prima facie* showing of jurisdiction. Id. Moreover, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id.; see also 5B Wright & Miller, Federal Practice and Procedure § 1351 (3rd. ed.).

Under Fed. R. Civ. Pro. 4(k)(1)(A), a federal district court may exercise personal jurisdiction over a defendant to the same degree that a counterpart state court could do so. As a result, for a district court to have jurisdiction over a non-resident defendant the exercise of jurisdiction (1) must be

authorized under the state's long-arm statute, and (2) must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). As West Virginia's long-arm statute provides jurisdiction to the full extent allowable under the U.S. Constitution, In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997), the Court proceeds directly to the due process issue.

It is axiomatic that in order for a court to assert jurisdiction over a non-resident defendant within the confines of due process, the defendant must have "minimum contacts" with the forum state such that it is consistent with "fair play and substantial justice" to hold the defendant to account there. Int'l Shoe Co. v. Washington, 326 U.S. 310 , 316 (1945). Whether a defendant possesses such minimum contacts with a forum state is partially analyzed by looking to whether jurisdiction is alleged to be "specific" or "general" in nature. Specific jurisdiction occurs when the defendant's contacts with the forum state form the basis of the suit. Carefirst, 334 F.3d at 397. In contrast, where the defendant's contacts are unrelated to the basis of the suit, a court must look to the requirements of general jurisdiction. Id.

In the instant case, the parties filings clearly demonstrate that the accident giving rise to this suit had no connection with any possible contacts with West Virginia. Therefore, if this Court has jurisdiction over Poulos, it must be general jurisdiction. The standard for finding the existence of general jurisdiction is high: the defendant must have had "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).

Simply put, Debarr has not made a *prima facie* showing that Poulos had "continuous and systematic" contacts with West Virginia prior to this suit. In his complaint, Debarr has generally alleged that Poulos made deliveries in interstate commerce for his employer, Worldwide. This is not sufficient to support a conclusion that Poulos had the necessary minimum contacts with West Virginia specifically.

Poulos has admitted that he occasionally drove through West Virginia while making delivery runs between North Carolina and Virginia, but claims that he had no other contacts with the state. These contracts were neither continuous nor systematic. Because Debarr has made no allegations and provided no evidence of any

other contacts between Poulos and West Virginia, this Court concludes that it does not have personal jurisdiction over Poulos.[2]

For reasons discussed above, this Court **GRANTS** the defendant Pete Poulos's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Debarr's claims against Poulos are **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk of the Court is directed to transmit copies of this Memorandum Opinion and Order to Debarr and to counsel of record for the defendants.

**ENTERED** August ___1___, 2006.

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] Debarr is a *pro se* plaintiff in this action. As such, this Court has a special obligation to search the assertions in his complaint for any proper grounds for ruling in his favor. See 5 Wright & Miller, Federal Practice and Procedure § 1286 (3rd. ed.)(when dealing with *pro se* plaintiffs "technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized by the district court to determine if any legally cognizable claim can be found within the four corners of the plaintiff's document"). The Court has fulfilled this obligation and has found no such grounds.